CTJ/RMT ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 DEC 12 PM 3:34

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INSUBUY, INC. | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4-07CV-403-A |
| MAXN SYSTEMS, INC. | § | |
| Defendant. | § | |

### PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE AFFIRMATIVE DEFENSES WITH BRIEF IN SUPPORT

TO THE HONORABLE COURT:

COMES NOW INSUBUY, INC. ("Insubuy"), Plaintiff, and moves dismiss the Counterclaim in Defendant Maxn System Inc.'s ("Maxn's") Original Answer & Counterclaim pursuant to Rule 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE ("FRCP"), for failure to state a claim upon which relief can be granted, and further to strike its Affirmative Defenses as "insufficient" under Rules 8(b), 9(b), & 12(f), FRCP, showing in support as follows:

I.    **MAXN'S COUNTERCLAIM FAILS TO STATE A CLAIM**.

1.    As is obvious from the Complaint and its exhibits, this is a case where the Defendant Maxn has been "caught with its hand in the cookie jar." Maxn has copied Plaintiff Insubuy's copyrighted materials and infringed Insubuy's federally registered service marks in an effort to steal business from Insubuy through unfair competition, rather than simply competing "heads-up" in the marketplace. In Maxn's Counterclaim, it attempts to totally reverse the true reality by claiming *Insubuy* is "harassing" *Maxn* by Insubuy's simply

seeking to enforce its federally protected rights.

2.    Maxn's "Counterclaim" request for attorneys' fees seeks to put the cart before the horse. Only were Maxn to ultimately prevail on its defense that it in fact is not infringing or copying would the question whether Maxn could request that the Court award it its attorneys' fees as a remedy (due to this being an "extraordinary case") even arise. *See generally National Nonwovens, Inc. v. Consumer Products Enterprises, Inc.*, 397 F. Supp. 2d 245, 259-60; 78 U.S.P.Q.2D (BNA) 1526 (D. Mass. 2005).

3.    It is well established that requests for attorneys' fees are not independent claims or causes of action, but mere *remedies*, and therefore do not state claims upon which relief can be granted. Such "counts" should therefore be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure. *See, e.g.*:

> (a)    "The claim for attorney's fees (Count VIII) is not a separate cause of action. While attorney's fees may, under some circumstances, constitute a recoverable element of damages, it is not an independent cause of action. Accordingly, it will be dismissed for failure to state a claim upon which relief can be granted in accordance with Fed. R. Civ. P. 12(b)(6)." *United States v. Raytown Lawnmower Co.*, 763 F. Supp. 411, 414 (W.D. Mo. 1991);
>
> (b)    "The court observes that Plaintiffs request attorney's fees and costs in their prayer for relief and also in a separate count (Count 14). Section 1132(g)(1) permits the court to award "a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1), but a request for attorney's fees is not a separate cause of action. The request is more appropriately included as part of a plaintiffs prayer for relief. The court finds that, as a separate count, Count 14 is due to be dismissed as unnecessary and redundant." *Cook v. Campbell*, 482 F. Supp. 2d 1341, 1353 n.5 (M.D. Ala. 2007);
>
> (c)    "Defendant references 15 U.S.C. § 1692(k), which is the FDCPA provision governing attorney's fees, but a request for attorney's fees is not a separate cause of action. Accordingly, dismissal of defendant's counterclaim is appropriate." *Weiner v. McCoon*, No. 06-CV-1328-IEG (POR); 2007 U.S. Dist. LEXIS 70450 at 21 (S.D. Cal. Sept. 24, 2007);

(d) "[Plaintiff] demands attorney's fees. This demand does not state a separate cause of action, but merely requests a form of relief in connection with plaintiff's copyright claim. To the extent that plaintiff attempts to assert a separate cause of action, Count Six is dismissed; however, the request for attorneys' fees remains an aspect of the requested damages, should plaintiff incur any such fees, and should he prevail in the case." *Chivalry Film Productions v. NBC Universal, Inc.*, 05 Civ. 5627; Copy. L. Rep. (CCH) P29,133; 2006 U.S. Dist. LEXIS 1177 (S.D.N.Y. Jan. 11, 2006);

(e) "The Plaintiffs' third cause of action is simply a request for attorneys fees and costs, and is not a separate cause of action." *Koliopoulos v. Coventry Health Care of Nebraska, Inc.*, No. 8:06CV593; 2007 U.S. Dist. LEXIS 24656 at 3 n.1 (D. Neb. March 30, 2007); and

(f) "Medi-Temp's fifth motion seeks dismissal of Thera-Med's and CVS's counterclaim for declaration of exceptional case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Medi-Temp requests that the Court strike the counterclaim. Under 35 U.S.C. § 285, '[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party.' Thera-Med and CVS allege that the 'case is exceptional under 35 U.S.C. § 285, and [they are] entitled to an award of [their] attorneys' fees, costs, and expenses related to the adjudication of this case.'

"In its motion, Medi-Temp argues 35 U.S.C. § 285 does not create a separate cause of action, instead only providing a remedy for attorney fees in "exceptional cases." In response, Thera-Med and CVS argue they are entitled to a declaratory judgment that this is an exceptional case and thus entitled to attorney fees. The Court agrees with Medi-Temp's argument and finds that 35 U.S.C. § 285 does not create a separate cause of action." *Medi-Temp LLC v. CVS Pharmacy, Inc.*, CV 05-3241-PCT-JAT (Lead); 2006 U.S. Dist. LEXIS 51331 at 17-18 (D. Ariz. July 20, 2006).

4. The practical significance of dismissing the Counterclaim is that it obviates Insubuy from having to go through a point-by-point response and refutation of the prolix Counterclaim, which reads more like a jury argument than a statement of a cause of action, until the *merits* of the case have been adjudicated. Maxn should simply request attorneys' fees in its prayer for relief.

II. **MAXN'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN**.

5. With respect to the Affirmative Defenses, "[a]n affirmative defense is subject to the same pleading requirements as is the complaint. . . . [A] defendant . . . must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).[1]

6. Maxn's shot gun approach to Affirmative Defenses basically only generically state various types of defenses, without showing any factual support for why any of them are applicable to this case, and do not give Insubuy "fair notice" of what the defenses are. Although they may be stated in "complete sentences," they do nothing more than, at best, invoke the various types of defenses which may sometimes be applicable in cases of this sort. *Cf. Bell Atlantic Corp. v. Twombly*, - U.S. -; 127 S.Ct. 1995, 1964 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions"). *See also Software Publishers Association v. Scott & Scott, LLP*, No. 3:06-CV-0949-G ECF; 2007 U.S. Dist. LEXIS 59814 at 6 (N.D. Tex. Aug. 15, 2007) (where Chief Judge Fish held, "Here, however, the defendants' bald assertions that the plaintiff's claims are barred, in whole or in part, 'by the doctrines of waiver, estoppel, and ratification,' 'by the doctrine of laches,' and due to the plaintiff's 'unclean hands' do not provide SIIA with 'fair notice' of the defenses being advanced.") (*citing Woodfield*) (service mark infringement

---

[1] "Nationwide's baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question and thus notify Planet of Nationwide's intention to rely on the specific, contractual defense of requiring the Woodfields to obtain the insurer's consent before settling with Planet." *Id.*

and copyright infringement case).

7. For example, in the First and Second Affirmative Defenses, Maxn merely says that Insubuy "has failed to state a cause of action upon which relief can be granted" and that it "lacks standing to bring the causes of action in its Complaint." These assertions give no explanation of any sort why such defenses would be applicable in this situation. The First and Second Affirmative Defenses should therefore be stricken as being "insufficient" under Rule 12(f), FRCP. *Woodfield, supra; Software Publishers, supra.*

8. In the Third Affirmative Defense, Maxn says Insubuy "is guilty of *conduct directly related to the merits of the controversy between the parties sufficient to affect the equitable relations between the parties and sufficient to invoke the doctrine of unclean hands*" (emphasis added). What "conduct" is Maxn speaking of? None is specified. Insubuy cannot reasonably be expected to know what this defense is or be able to respond to it. "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Woodfield, supra,* 193 F.3d at 362 n. 29 (citation omitted).

9. All of the Affirmative Defenses are likewise merely "wordy" versions of generic defenses. The Fourth Affirmative Defenses says "Insubuy's claims are barred by the doctrine of laches," without any explanation of any delay or how Maxn has been prejudiced by it. The Fifth Affirmative Defense says Insubuy's claims are barred by limitations, but does not set out any dates which would indicate this is true. The Sixth Affirmative Defense says Insubuy's claims are barred by equitable estoppel, without explanation, held insufficient in *Software Publishers, supra*. All these should therefore be stricken as being "insufficient" under Rule 12(f), FRCP. *Woodfield, supra; Software*

*Publishers, supra.*

10. The Seventh Affirmative Defense alleges "inequitable conduct," again without stating any facts. This is insufficient under Rules 8(b) and 12(b)(6), FRCP. *Woodfield*; *Software Publishers*. Inequitable conduct allegations under patent law are subject to the heightened pleadings requirements under Rule 9(b). Clearly Maxn's mere invocation of "inequitable conduct" is inadequate under either standard. *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356-57 (Fed. Cir. 2007).

11. Likewise the Eighth Affirmative Defense merely invokes the label of "copyright misuse" and is consequently deficient under *Software Publishers*. Further, without knowing the basis for the alleged "copyright misuse," it is impossible to tell whether it is subject to the heightened pleadings requirement under Rule 9(b), FRCP. A copyright misuse claim may be "inextricably intertwined with [the] unclean hands defense," *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 02 C 2523; 2003 U.S. Dist. LEXIS 4964 at 19 (N.D. Ill. March 31, 2003), which latter "'is shown by misconduct of the plaintiff involving the transaction complained of, which amounts to *fraud*, misconduct or bad faith toward the defendant making the contention.'" *Id.* at 16 (emphasis added; citation omitted). "If fraud is alleged under the doctrine of unclean hands, Rule 9(b) requires that allegations of fraud include the particular circumstances involved, including the time, place, and specific contents of the alleged false representations or omissions. FED. R. CIV. P. 9(b)." *Id.* Therefore, at a minimum Maxn should be required to state on what basis it is claiming copyright misuse, and if it is fraud based, then it must also be pled with particularity.

12.     The Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses, dealing with "originality," "fair use," independent origin, "merger," and "lack of distinctiveness" may come within the scope of the *Woodfield* acknowledgment that in some *limited* instances merely naming the defense may be adequate. 193 F.3d at 362. Again, however, even these defenses do nothing more than invoke the defenses generically and state no facts which would show they are applicable under the facts of this case. In the interest of fairness to Insubuy to know what grounds Maxn has to be asserting these defenses, therefore, they as well should be stricken and repled with specifics.

**WHEREFORE**, Plaintiff Insubuy prays the Court will dismiss Defendant Maxn's Counterclaim and strike all of Defendant Maxn's Affirmative Defenses.

Respectfully submitted,

By: /s/ Richard L. Schwartz
RICHARD L. SCHWARTZ
SBN 17869500

THOMAS F. HARKINS, JR.
SBN 09000990

**WHITAKER CHALK SWINDLE & SAWYER L.L.P.**
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0500
Fax: (817)878-0501
rschwartz@whitakerchalk.com

**ATTORNEYS FOR PLAINTIFF
INSUBUY, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that I communicated via e-mail on December 11, 2007, with Counsel for Defendant, Michael P. Fritz, concerning the contents of this Motion. By return e-mail, Mr. Fritz indicated that Defendant opposed this Motion. Therefore, the matter is presented to the Court for disposition.

_____
RICHARD L. SCHWARTZ

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion has been served by e-mail and by United States First Class Mail to Counsel for Defendant, Michael P. Fritz, at Diamond McCarthy LLP, 1201 Elm Street, Suite 3400, Dallas, Texas 75270, on the 12th day of December, 2007.

_____
RICHARD L. SCHWARTZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INSUBUY, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4-07CV-403-A |
| MAXN SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

### ORDER DISMISSING COUNTERCLAIM AND STRIKING DEFENDANT'S AFFIRMATIVE DEFENSES

This Cause was considered on Plaintiff's Motion to Dismiss Counterclaim and Strike Affirmative Defenses. Having considered the Motion and Response, the Court is of the opinion that the Motion should be, and is hereby, **GRANTED**.

The Counterclaim in Defendant Maxn System Inc.'s Original Answer & Counterclaim is **DISMISSED** and its Affirmative Defenses are hereby **STRICKEN** without prejudice.

Any amended Counterclaim and Affirmative Defenses, if any, of Defendant shall be filed within ___ days from the date of this Order.

**SO ORDERED** this _____ day of _____, 200__.


_____
THE HONORABLE JOHN McBRYDE
UNITED STATES DISTRICT JUDGE