U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 3 2008
11 39

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CTJ/RMT

ORIG...

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| INSUBUY, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:07-CV-403-A |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| MAXN SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT MAXN SYSTEMS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Maxn Systems, Inc. ("Maxn") respectfully requests that this Court deny plaintiff Insubuy, Inc.'s ("Insubuy") Motion to Strike Affirmative Defenses for the reasons set forth below. As for Insubuy's Motion to Dismiss, the parties have reached an agreement regarding the disposition of that motion. In order to avoid burdening the Court with the issue, Maxn has agreed to replead its claim for attorneys' fees within its prayer for relief.

## ARGUMENT

### A. THE COURT SHOULD REJECT INSUBUY'S CLAIM THAT A HEIGHTENED PLEADING STANDARD IS REQUIRED IN THIS CASE.

The United States Supreme Court held in *Leatherman v. Tarrant County N.I.C.U.*, 507 U.S. 163 (1993), that a federal court may not apply a "heightened pleading standard" more stringent than the standard pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Despite this prohibition, Insubuy is asking this Court to do just that. Insubuy's request that the Court impose a heightened pleading standard should be rejected.

Rule 8(e) of the Federal Rules of Civil Procedure requires that "[e]ach averment of a pleading shall be simple, concise, and direct." For a defendant that means it "must plead an affirmative defense with enough specificity *or* factually particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (emphasis added).

Interestingly, Insubuy recognizes *Woodfield* as the relevant case on this issue, but cites only to selected and incomplete portions of the opinion that when taken out of context seem to support its argument. Insubuy claims that Maxn can only meet the requisite pleading requirements by "showing [] factual support for why [Maxn's affirmative defenses] are applicable to this case." Insubuy Mot. at 4. But this ignores the specific directive in *Woodfield* that provides that particular factual pleadings are only necessary when the defendant has failed to identify with specificity the affirmative defense it is setting forth—or vice versa. *See Woodfield*, 193 F.3d at 362. By using the conjunction "or," instead of "and," the Fifth Circuit established that there were *two* ways to provide the plaintiff with "fair notice" of the defendant's intended affirmative defenses. The facts in *Woodfield* further reinforce this point.

In *Woodfield*, the Fifth Circuit affirmed a trial court's judgment in favor of a third-party plaintiff over the defendant's objection that its affirmative defense of "consent-to-settle" barred the recovery. The Fifth Circuit found that because the defendant neither identified a "consent-to-settle" defense with specificity nor had pled any facts sufficient to give the plaintiff "fair notice" of the defendant's intent to rely on this as a defense, the defense was waived. *Woodfield*, 193 F.3d at 361. The Fifth Circuit rejected the defendant's argument that its pleaded defense of "accord and satisfaction" was sufficient to provide the third-party plaintiff with appropriate notice. *Id*. at 361. The Fifth Circuit acknowledged that although "merely pleading the name of

the affirmative defense [] may be sufficient," the defendant's "baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question and thus [provide notice] of [its] intention to rely on the specific, contractual defense of ["consent-to-settle]." *Id.* at 362 (citing *American Motorist Ins. Co. v. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948) (holding in a negligence action arising from a car collision that pleading "contributory negligence" without extensive factual allegations was sufficient.)); *see also Software Publishers Assoc. v. Scott & Scott, LLP*, 2007 WL 2325585 at *2 (N.D. Tex. Aug. 15, 2007) ("[A]n affirmative defense need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. (citation omitted) It must be pled with enough specificity to give the plaintiff 'fair notice' of the defense being advanced. (citing *Woodfield*, 193 F.3d at 362) In some instances the mere naming of the defense will suffice."). Such is not the case here. Maxn has specifically identified each and every affirmative defense that it intends to assert in this case. The facts to support those defenses will be established through discovery. Insubuy will know exactly what to expect and be able to prepare accordingly.

**B.     MAXN'S PLEADINGS PROVIDE INSUBUY WITH "FAIR NOTICE" OF EACH AFFIRMATIVE DEFENSE—INSUBUY CANNOT CLAIM "UNFAIR SURPRISE."**

"The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff [i]s not a victim of unfair surprise.'" *Woodfield*, 193 F.3d at 362 (citing *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993) (citation omitted)). In prior cases, the Fifth Circuit has employed a case-by-case analysis in deciding whether the plaintiff was unfairly surprised. *Id.* "For example, in *Trinity Carton Corp. v. Falstaff Brewing Corp.*, [767 F.2d 184 (5th Cir. 1985)], [the Fifth Circuit] held that the defendant waived his defenses of failure of consideration and failure to agree on all essential terms by not raising them

until several months after the jury's verdict." *Id.* Here no such time has passed, and discovery, let alone a trial on the merits, has yet to begin. In this case there is but one conclusion—Insubuy is aware of each and every affirmative defense that Maxn will assert at trial.

Indeed, for each of Maxn's first seven affirmative defenses, Insubuy complains only that Maxn has not set forth any facts or explanation that would allow it to determine whether the particular defense is applicable in this case. Even though in every instance Insubuy is able to identify specifically which defense Maxn is asserting, Insubuy contends that it is still entitled to more information at the initial pleading stage. Unfortunately for Insubuy, the Federal Rules do not support its position. Rule 8(b) of the Federal Rules of Civil procedure states only that "[a] party shall state in short and plain terms the party's defenses to each claim asserted . . . ." Even a cursory glance at Maxn's pleadings shows that it has complied with the rule. *See* Exhibit A at 4-6 (Maxn's Original Answer & Counterclaim).

Insubuy claims that Maxn's seventh affirmative defense alleging inequitable conduct should be striken because it is subject to the heightened pleading standards of Rule 9(b), citing *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347 (Fed. Cir. 2007). While the court in that case did strike a defendant's claim of inequitable conduct because it was not plead with particularity, it did so only after discovery had been closed for three years and the defendant had ample opportunity to amend its pleadings to include facts gathered during the discovery period. *See Central Admixture*, 482 F.3d at 1357. Maxn has not yet been provided the opportunity to determine the scope of Insubuy's improper/inequitable conduct before the United States Patent and Trademark office, but should be afforded the opportunity to plead and preserve this defense without the risk of Insubuy arguing at a later time that Maxn has waived this claim because it was not initially pled.

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM – Page 4

126976v1

Insubuy also claims that because Maxn's eighth affirmative defense for copyright misuse "may be 'inextricably intertwined with [an] unclean hands defense,'" which Insubuy then speculates *may* be based in fraud, Maxn should be required to plead copyright misuse with particularity under Rule 9(b) or, at a minimum, be required to state on what basis it is claiming copyright misuse. Insubuy Mot. at 6. Although Insubuy's argument is a bit baffling, there is no authority to suggest that Maxn should be held to a heightened pleading standard based only on Insubuy's fear that Maxn might claim that it acted fraudulently. Neither a copyright misuse nor an unclean hands defense alone requires a party to plead (or prove) fraud, and thus Insubuy's motion to strike on these grounds is without merit.

As for Maxn's last five affirmative defenses, Insubuy admits that all five may come within the scope of the *Woodfield* acknowledgement that merely pleading the name of an affirmative defense may be sufficient, but nonetheless asks this Court to strike them "[i]n the interest of fairness to Insubuy to know what grounds Maxn has to be asserting these defenses." Insubuy Mot. at 7. While "it's not fair" may be a compelling argument under appropriate circumstances, it is not so compelling as to trump the Supreme Court's ruling in *Leatherman* and subject a defendant to a pleading standard higher than what is required by the Federal Rules.

If Insubuy seeks more information concerning Maxn's affirmative defenses it has the full course of discovery at its disposal. Insubuy is fully aware of the defenses Maxn has pled and will not be unfairly surprised by what Maxn asserts at trial.

**C.    IF INSUBUY IS CORRECT, EVERY DEFENDANT SUED IN FEDERAL COURT WOULD BE REQUIRED TO MARSHAL EVIDENCE TO SUPPORT ITS AFFIRMATIVE DEFENSES WITHIN DAYS OF BEING SUED AND WITHOUT THE BENEFIT OF DISCOVERY OR RISK POSSIBLE WAIVER OF VARIOUS DEFENSES.**

"The Federal Rules require an affirmative defense to be pleaded; failure to plead such a defense constitutes waiver." *Woodfield*, 193 F.3d at 362. But according to Insubuy, a defendant

cannot plead an affirmative defense unless and until it can provide factual evidence in support of such a defense. According to Insubuy, every defendant—at the beginning of the case—should be made to explain (and support with specific facts) why its affirmative defenses will operate to bar the plaintiff's claims when applied to the facts of the particular case or risk possible waiver. Insubuy's request is improper, unsupported by authority, and should be denied.

In addition to being improper under the Federal Rules, Insubuy's motion is nothing more than a veiled attempt to avoid discovery. Instead of serving interrogatories asking Maxn to identify the basis for its various defenses and waiting for a response, Insubuy is hoping the Court will grant its request to circumvent rules of civil procedure and require Maxin to marshal its evidence prior to the trial of the case and without the benefit of its own discovery into Insubuy's wrongful conduct. This would not only prejudice Maxn, but create a dangerous precedent for cases in the future. As such, the Court should deny Insubuy's motion to strike along with its request that Maxn be ordered to replead its affirmative defenses with particularity.

## CONCLUSION

For the foregoing reasons, Insubuy's motion should be denied. In the alternative, Maxn respectfully requests the opportunity to amend its Answer and replead its affirmative defenses to comply with the Court's standards if necessary. A proposed Order is enclosed with this response brief.

In accordance with the parties' agreement and in order to avoid burdening the Court with Insubuy's Motion to Dismiss, Maxn has agreed to amend its Answer to include its request for attorneys' fees within its prayer for relief. Because the subject of Insubuy's Motion to Dismiss is no longer an issue of contention between the parties, Maxn respectfully requests that the Court deny Insubuy's motion as moot.

Dated: January 2, 2008.

Respectfully submitted

Gary Cruciani
Texas State Bar No. 05177300
Michael P. Fritz
Texas State Bar No. 24036599
DIAMOND McCARTHY LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270
(214) 389-5300 (Telephone)
(214) 389-5399 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MAXN SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document was served on

opposing counsel, Richard "Rocky" Schwartz of Whitaker, Chalk, Swindle & Sawyer, LLP, 301

Commerce Street, Suite 3500, Fort Worth, Texas 76102-4186, via U.S. Mail and e-mail on

January 2, 2008.

Gary Cruciani

## CERTIFICATE OF CONFERENCE

    I certify that on or about December 14, 2007, counsel for the defendant personally

conferred with Richard "Rocky" Schwartz, counsel for the plaintiff, who agreed to resolve

plaintiff's motion to dismiss in the manner the defendant has described in this response.

Gary Cruciani

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INSUBUY, INC. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:07-CV-403-A |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| MAXN SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

The Court has considered plaintiff Insubuy, Inc.'s Motion to Dismiss Counterclaim and to Strike Affirmative Defenses and finds that the plaintiff's motions should be DENIED.

THE COURT SO ORDERS.

SIGNED January _____, 2008.


_____
John McBryde
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| INSUBUY, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:07-CV-403-A |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| MAXN SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## TABLE OF CONTENTS

1.    Declaration of Gary Cruciani; and,

2.    Defendant Maxn Systems, Inc.'s Original Answer and Counterclaim (Exhibit A).

127523v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| INSUBUY, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:07-CV-403-A |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| MAXN SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF GARY CRUCIANI

I, Gary Cruciani declare as follows:

1.    I am an attorney with the law firm of Diamond McCarthy LLP, and counsel for Defendant Maxn Systems, Inc.

2.    This declaration is submitted in support of Defendant Maxn Systems, Inc.'s Response in Opposition to Plaintiff's Motion to Dismiss Counterclaim and to Strike Affirmative Defenses.

3.    The following exhibit is attached hereto:

a.    Defendant Maxn Systems, Inc.'s Original Answer and Counterclaim (Exhibit A).

I declare under penalty of perjury that the foregoing is true and correct.

**DECLARATION OF GARY CRUCIANI – Page 1**

127520v1

Executed on this 2nd day of January, 2008.

Respectfully submitted,

Gary Cruciani
Texas State Bar No. 05177300
Michael P. Fritz
Texas State Bar No. 24036599
DIAMOND McCARTHY LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270
(214) 389-5300 (Telephone)
(214) 389-5399 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MAXN SYSTEMS, INC.**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 1 0 2007

11:14

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CTJ/RMT
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

INSUBUY, INC.                          §
                                       §
        Plaintiff,                     §
                                       §   Civil Action No. 4:07-CV-403-A
                                       §
v.                                     §   JURY DEMANDED
                                       §
MAXN SYSTEMS, INC.                     §
                                       §
        Defendant.                     §

## DEFENDANT MAXN SYSTEM INC.'S ORIGINAL ANSWER & COUNTERCLAIM

Defendant Maxn Systems, Inc. ("Maxn") files this Answer to plaintiff Insubuy, Inc's ("Insubuy") Original Complaint ("Complaint") and states as follows:

1.      Maxn is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore, denies them.

2.      Maxn admits that it is a corporation organized under the laws of the State of California and that Rajeev Shrivastava is its President and registered agent.  Maxn denies the remaining allegations in paragraph 2 of the Complaint.

3.      Maxn denies the allegations in paragraph 3 of the Complaint.

4.      Maxn agrees that by virtue of its agreement to subject itself to the jurisdiction of this Court in connection with this matter, venue and jurisdiction are appropriate.  Maxn denies the remainder of the allegations in paragraph 4 of the Complaint.

5.      Maxn denies the allegations in paragraph 5 of the Complaint.

6.      Maxn denies the allegations in paragraph 6 of the Complaint.

7.      Maxn is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore, denies them.



EXHIBIT

A

tabbies®

8.      Maxn denies the allegations in paragraph 8 of the Complaint.

9.      Maxn denies the allegations in paragraph 9 of the Complaint.

10.     Maxn denies the allegations in paragraph 10 of the Complaint.

11.     Maxn admits that it sells insurance services through its www.path2usa.com and www.visitorscoverage.com websites.  Maxn denies the remainder of the allegations in paragraph 11 of the Complaint.

12.     Maxn admits that it filed an application to register the mark "VisitorsCoverage" and corresponding design, but denies that its design represents a stylized silhouette of a person holding an umbrella—this is a self-serving statement by Insubuy and has no basis either in fact or law.  Maxn also admits that its application (serial number 78926284) for registration was published for opposition on March 13, 2007.  Maxn denies the remaining allegations in paragraph 12 of the Complaint.

13.     Maxn admits that Insubuy filed an opposition proceeding in the United States Patent and Trademark Office ("USPTO") seeking to oppose Maxn's registration and that a default was entered when Maxn elected not to respond.  Maxn denies the remaining allegations in paragraph 13 of the Complaint.

14.     Maxn admits that during the course of its application (serial number 78926284) for registration, attorneys for Maxn corresponded with an Insubuy employee detailing pleadings that Maxn could file in response to Insubuys's opposition.  To the extent Insubuy alleges that Maxn threatened Insubuy, Maxn denies such allegations.  Maxn admits that it did not file any additional pleadings and that a default was issued based on its decision not to respond to Insubuy's opposition.  Maxn denies the remaining allegations in paragraph 14 of the Complaint.

15.     Maxn denies the allegations in paragraph 15 of the Complaint.

**DEFENDANT'S ORIGINAL ANSWER & COUNTERCLAIM – Page 2**

16.     Maxn denies the allegations in paragraph 16 of the Complaint.

17.     Maxn denies the allegations in paragraph 17 of the Complaint.

18.     Maxn denies the allegations in paragraph 18 of the Complaint.

19.     Maxn denies the allegations in paragraph 19 of the Complaint.

20.     Maxn denies the allegations in paragraph 20 of the Complaint.

21.     Maxn denies the allegations in paragraph 21 of the Complaint.

22.     Maxn admits that it has not entered into a license agreement with Insubuy and contends that there is no need for any such license agreement.  Maxn denies the remaining allegations in paragraph 22 of the Complaint.

23.     Maxn denies the allegations in paragraph 23 of the Complaint.

24.     Maxn denies the allegations in paragraph 24 of the Complaint.

25.     Maxn denies the allegations in paragraph 25 of the Complaint.

26.     Maxn repeats and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     Maxn denies the allegations in paragraph 27 of the Complaint.

28.     Maxn denies the allegations in paragraph 28 of the Complaint.

29.     Maxn repeats and incorporates by reference its responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.     Maxn denies the allegations in paragraph 30 of the Complaint.

31.     Maxn denies the allegations in paragraph 31 of the Complaint.

32.     Maxn denies the allegations in paragraph 32 of the Complaint.

33.     Maxn denies the allegations in paragraph 33 of the Complaint.

34.     Maxn denies the allegations in paragraph 34 of the Complaint.

35.     Maxn denies the allegations in paragraph 35 of the Complaint.

36.     Maxn repeats and incorporates by reference its responses to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.     Maxn denies the allegations in paragraph 37 of the Complaint.

38.     Maxn denies the allegations in paragraph 38 of the Complaint.

39.     Maxn denies the allegations in paragraph 39 of the Complaint.

40.     Maxn denies the allegations in paragraph 40 of the Complaint.

41.     Maxn denies the allegations in paragraph 41 of the Complaint.

42.     Maxn denies the allegations in paragraph 42 of the Complaint.

43.     Maxn denies the allegations in paragraph 43 of the Complaint.

Maxn hereby denies all allegations of the plaintiff's complaint that are not here admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

1.      Maxn adopts and incorporates by reference its allegations, statements, and responses from all of the foregoing paragraphs of the Answer as if fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

2.      Insubuy has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

3.      Insubuy lacks standing to bring the causes of action in its Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

**DEFENDANT'S ORIGINAL ANSWER & COUNTERCLAIM – Page 4**

126123v1

4.     Insubuy is not entitled to equitable relief, as it is guilty of conduct directly related to the merits of the controversy between the parties sufficient to affect the equitable relations between the parties and sufficient to invoke the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (LACHES)

5.     Insubuy's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

6.     Insubuy's claims are barred, in whole or in part, by the statue of limitations set forth in the Copyright Act, 17 U.S.C. § 507.

### SIXTH AFFIRMATIVE DEFENSE
### (EQUITABLE ESTOPPEL)

7.     Insubuy's claims are barred, in whole or in part, by equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (INEQUITABLE CONDUCT)

8.     Insubuy's asserted copyrights and trademarks are unenforceable because it engaged in inequitable conduct in obtaining registration thereof.

### EIGHTH AFFIRMATIVE DEFENSE
### (COPYRIGHT MISUSE)

9.     Insubuy's claims are barred by the doctrine of copyright misuse.

### NINTH AFFIRMATIVE DEFENSE
### (LACK OF ORIGINALITY)

10.     The works Insubuy alleges it has copyrighted lack sufficient originality to be protectable under the Copyright Act.

## TENTH AFFIRMATIVE DEFENSE
### (FAIR USE)

11.   Any alleged use by Maxn of any Insubuy copyrighted work has been so limited in scope as to constitute fair use.

## ELEVENTH AFFIRMATIVE DEFENSE
### (PRIOR CREATION)

12.   The information and/or technology that Insubuy used to create its copyrighted works was born independently of any effort by Insubuy or any copyrighted work, trademark, or otherwise protected intellectual property.

## TWELFTH AFFIRMATIVE DEFENSE
### (MERGER DOCTRINE)

13.   Insubuy's claims are barred, in whole or in part, by the merger doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (LACK OF DISTINCTION)

14.   Insubuy's alleged trademarked works lack sufficient distinctiveness to be protectable under the Lanham Act.


## MAXN'S COUNTERCLAIM

15.   Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Maxn, defendant and now counterclaim-plaintiff, asserts this counterclaim against Insubuy.

### PARTIES

16.   Maxn is a small, privately owned California corporation, incorporated on October 19, 2004.  Its principal place of business is 355 West Olive Avenue, Suite 205, Sunnyvale, California, 94086.


**DEFENDANT'S ORIGINAL ANSWER & COUNTERCLAIM – Page 6**

17.     Insubuy claims in its Complaint that it is a corporation organized under the laws of the State of Texas, having its principal place of business at 3105 Broken Bow Way, Suite 100, Plano, Texas 75093.  On information and belief, Insubuy only recently began operating in Texas, before that it operated as Ace Objects, Inc. and had its principal place of business in Virginia.

### JURISDICTION

18.     This claim arises under the Copyright Laws of the United States, as well as the Lanham Act.

19.     Jurisdiction is proper under 28 U.S.C. § 1338(a) by reason of the fact that the claim arises under the laws of the United States.

20.     On or about July 10, 2007, Insubuy commenced an action in this Court for copyright infringement and trademark violations against Maxn.

### VENUE

21.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Maxn's counterclaim occurred in this judicial district.

### FACTUAL BACKGROUND

22.     In 1999, Rajeev Shrivastava came to the United States on a temporary visa to find a better opportunity and a better life.  As an immigrant, it was difficult assimilating into a new culture and new lifestyle.  However, Mr. Shrivastava and his family quickly adjusted and made a home in Northern California.  Based on his experiences and the knowledge he gained in this process, Mr. Shrivastava created a website so that he might share with other potential visitors to the United States what he had learned in order to make their immigration experience easier.  At first Mr. Shrivastava, who has a masters degree in computer applications, operated the website

**DEFENDANT'S ORIGINAL ANSWER & COUNTERCLAIM – Page 7**

purely as a hobby. But user response and appreciation was so positive that he quickly realized the demand for this type of information was significant and that if he and his family worked hard, he might be able to create a profitable business. In 2002, he began to offer insurance as part of the website. After a number of years of tireless effort, Mr. Shrivastava incorporated Maxn in 2004 and brought the "path2usa" website under the Maxn corporate umbrella.

23.     Since 2004, Maxn has grown significantly. The websites that Maxn now operates compete directly with those operated by Insubuy, as well as numerous others. Insubuy has been frustrated by Maxn's success, and rather than trying to compete in the marketplace, it has instead tried to thwart Maxn's growth in every possible way—often resorting to underhanded tactics and dirty tricks.

24.     In July 2006, Maxn filed an application to register "VisitorsCoverage" and its corresponding logo with the United States Patent and Trademark Office ("USPTO"). Almost a year later, Insubuy filed an opposition in an attempt to prevent the trademark office from granting Maxn rights to use its mark. Rather than incurring the significant time, legal fees, and expenses associated with fighting Insubuy's opposition, and despite the fact that it believed that Insubuy's claims were wholly without merit, Maxn elected to abandon its claim and focus its time and effort on growing its business.

25.     Unable to goad Maxn into a fight before the USPTO, Insubuy next chose a new forum. Immediately after Maxn elected to abandon its claim before the USPTO, Insubuy struck again and filed this suit in July, claiming copyright and trademark infringement, as well as unfair competition.

26.     Insubuy's Chief Executive Officer, Narendra Khadri, has brought this lawsuit in Texas for one purpose—to try to force a smaller California-based competitor, which is closing in

on what he for some reason contends is "his market" out of business. Insubuy hopes to do so by requiring Maxn to spend significant resources defending itself in this litigation.

27.    The foundation of Insubuy's allegations rests on Maxn's use of its "VisitorsCoverage" logo, specifically Maxn's use of the general term "visitors"—a term to which Insubuy claims an exclusive right under common law. Of course, Insubuy's argument is fatally flawed as the word "visitors" in the Maxn logo is both a generic and descriptive term used to identify that group of customers who purchase Maxn's services (insurance policies and advice provided to visitors traveling from abroad to the United States). The law simply does not allow Insubuy to claim exclusive rights to this term. The term "visitors" is freely available for anyone to use given that it merely describes the type of insurance coverage offered; namely visitors insurance. A simple internet search proves this point. When entered into any ordinary search engine the term "visitors insurance" results in millions of hits and identifies a multitude of online insurance brokers offering "visitors insurance" to immigrants and travelers to the United States. But Insubuy, despite its claims of the exclusive right to use the word "visitors," has ignored all others and because it is particularly threatened by Maxn's success in the marketplace, has purposefully trained its sights on only one competitor—Maxn.

28.    Insubuy also complains that Maxn has copied its logo design. But even a cursory comparison of the two designs reveals very few similarities—none of which come even close to supporting a claim of copyright or trademark infringement. Insubuy's logo shows a figurative human dancing and holding an umbrella and is quite diluted in the marketplace, making it weak and capable of only a restricted area of protection. Maxn's logo on the other hand is quite obviously a human figure on the go, clutching a briefcase or piece of luggage. Furthermore, there are numerous renditions of human figures, dancing figures, and figurative umbrellas used

in association with the insurance business. A quick search of USPTO records identifies no less than nine other logos with these characteristics. All of which are used either in the insurance or travel industry. However, none of these companies have been targeted by Insubuy. Again, Insubuy has singled Maxn out hoping nobody would take a close look at the merits of its allegations.

29.    A detailed inspection of the web pages Insubuy suggests conclusively prove "copying" reveals that very little of the text that Insubuy uses is similar to that used by Maxn. Of course it is not surprising that in certain circumstances there is some overlap. This is easily explained by the fact that 1) there are only a limited number of ways to express certain procedures for complying with the federal government's immigration requirements; and 2) much of the information on both websites is taken directly from the government's immigration websites themselves. By way of example, Insubuy would suggest that Maxn "copied" from Insubuy the information illustrated in Exhibit 18A to the Complaint. But Exhibit 18A simply represents instructions for completing United States immigration form I-134. Insubuy does not have the exclusive right to control or publish this information. For it to base a claim of copyright infringement on Maxn's use of the same information is patently ridiculous and demonstrates how desperate Insubuy is to try to find any argument—however weak—on which to hang its hat.

30.    Exhibit 18K to the Complaint also illustrates this point. This Exhibit 18K identifies the "requirements and process to extend a United States visa." The information contained in Exhibit 18K is available on many government, consulate, and immigration websites. At least four of which are:

> http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e
> 66f614176543f6d1a/?vgnextoid=1ade96981298d010VgnVCM100
> 00048f3d6a1RCRD&vgnextchannel=48819c7755cb9010VgnVC
> M10000045f3d6a1RCRD#need

**DEFENDANT'S ORIGINAL ANSWER & COUNTERCLAIM – Page 10**

http://travel.state.gov/visa/temp/info/info_1298.html

http://www.rapidimmigration.com/usa/1_eng_kit_extstay.html

http://www.foreignborn.com/visas_imm/other_visas/3extending_m
y_stay.htm

Anyone is entitled to use this information. The same goes for Exhibit 18I to the Complaint. In fact, Insubuy admitted as much in section 6a to Exhibit 13 to its Complaint when it conceded that "some of the work contained within [its] website derived based on [sic] US Federal Government work." But nevertheless, Insubuy continues to target Maxn based on its use of this publicly available material. It is clear that Insubuy is merely trumping up a claim for infringement in order to drag Maxn into court and force it to spend a vast amount of resources in defending itself. At best, Insubuy hopes to put Maxn out of business. At a minimum, it is trying to detract from Maxn's growth by distracting it with this frivolous lawsuit. Insubuy should not be allowed to use the justice system in this way. If Insubuy wants to try to put Maxn out of business, such a battle is properly fought not in the courtroom, but in the marketplace.

31.     To add insult to injury, many of the other similarities that Insubuy displays to show "copying" can be explained by the fact that Insubuy has actively copied that material from Maxn and/or Mr. Shrivastava's original websites. Although Maxn was not incorporated until 2004, Mr. Shrivastava launched the "path2usa" website back in 2000 and pioneered much of the content that appears on both Maxn's and Insubuy's websites. And while Mr. Shrivastava was aware that Insubuy had elected to copy his material rather than create its own, he did not file suit because he recognized the information was not copyrightable and that copyright claims for the "look and feel" of a website were incredibly hard to prove. Instead of running to court, Mr. Shrivastava focused on growing his business and improving his website and services.

32.     Additional similarities between Insubuy's and Maxn's websites are explained by the fact that Insubuy chose not to develop its own content, but to "borrow" a great deal of information first developed by third-parties. Insubuy has simply copied this information onto its site and seeks to pass it off as its own. It also had the audacity to contend that the information it copied could be copyrighted and used to force a competitor that it is threatened by into a courtroom. Exhibit 18C to the Complaint proves this point. It is a copy of an Insubuy webpage describing how English words used in Britain and India have different meanings than similar words used in the United States. Insubuy would suggest that Maxn copied this proprietary information from its website when in fact this information has been publically available for quite some time. Three examples of websites that have provided this information are:

> http://www.accomodata.co.uk/amlish.htm
>
> http://www.bg-map.com/us-uk.html
>
> http://web.archive.org/web/19991128012027/http:/www.bg-map.com/us-uk.html

33.     In reality, Insubuy's motive in bringing this suit is not to protect any alleged intellectual property interests, but to harass Maxn and try to run it out of business. As indicated above, since 2004 Maxn has grown rapidly—especially after it launched its "VisitorsCoverage" website. In June 2006, Maxn's growth began to threaten Insubuy's position in the visitor's insurance market. Instead of competing with Maxn head-on in the marketplace, Insubuy has resorted to gamesmanship in an attempt to slow Maxn down.

34.     In another effort which demonstrates just how desperate Insubuy has become, it began cyber-squatting on domain names nearly identical to Maxn's www.VisitorsCoverage.com website in an attempt to confuse and divert Maxn's customers. In fact, just four days after Maxn

registered the "VisitorsCoverage" domain name, Insubuy registered all of the following in its own name:

> www.visitors-coverage.com
>
> www.visitor-coverage.com
>
> www.visitorscoverage.net
>
> www.visitorscoverage.org
>
> www.visitorscoverage.us
>
> www.visitorscoverage.info.

Each one is almost identical to Maxn's primary website. Apparently, Insubuy appreciates the uniqueness of this domain name and hopes to capture it for its own through this lawsuit.

35. Through the fees, costs, and time Maxn will inevitably spend in defending itself in this suit, Insubuy is trying to drive Maxn into extinction so that it can eliminate a competitor, inherit its market share, and take its domain name. This is a fight meant not for the courthouse, but for the marketplace. Regrettably, as Insubuy recognizes it will be unable to compete in the marketplace, it has chosen the courtroom.

36. While companies like Insubuy may not mind paying exorbitant legal fees and costs associated with spurious litigation, Maxn should not have to. Where a wrongly-targeted defendant is successful in its defense and the record demonstrates that a plaintiff, such as Insubuy, either knew or would have known, had an adequate investigation been conducted, that the defendant was innocent, the Court should award attorneys' fees and costs to the defendant. Not only to undo some of the harm done, but to further the purpose of the Copyright and Lanham Acts by providing an incentive to plaintiffs to avoid lawsuits of this type.

**DEFENDANT'S ORIGINAL ANSWER & COUNTERCLAIM – Page 13**

## COUNTERCLAIM
### (ATTORNEYS' FEES)

37.    Each of paragraphs 1 through 36 of Maxn's counterclaim is incorporated by reference as though fully set forth herein.

38.    Because Insubuy's allegations are without merit and were brought for the purpose of harassment, Maxn seeks all reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

39.    Maxn is entitled to its costs and fees in this instance because Insubuy's conduct in bringing this suit has rendered it an exceptional case, necessitating remuneration.

40.    Maxn also seeks reasonable attorneys' fees and costs under 15 U.S.C. § 505.

41.    Maxn demands a trial by jury of all issues so triable.

### RELIEF REQUESTED

Maxn prays that the Court render judgment in its favor on its counterclaim and that:

42.    Insubuy take nothing by way of this action;

43.    Insubuy's Complaint be dismissed with prejudice;

44.    Insubuy be ordered to pay Maxn its costs and attorneys' fees pursuant to 15 U.S.C. § 505;

45.    Insubuy be ordered to pay Maxn its costs and attorneys' fees pursuant to 15 U.S.C. § 1117; and

46.    Any such other and further relief, either at law or in equity, to which Maxn may show itself entitled.

Respectfully submitted

Gary Cruciani
Texas State Bar No. 05177300
Michael P. Fritz
Texas State Bar No. 24036599
DIAMOND McCARTHY LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270
(214) 389-5300 (Telephone)
(214) 389-5399 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MAXN SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on opposing counsel, Richard "Rocky" Schwartz of Whitaker, Chalk, Swindle & Sawyer, LLP, 301 Commerce Street, Suite 3500, Fort Worth, Texas 76102-4186, via U.S. Mail and e-mail on December 7, 2007.

Michael P. Fritz